RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TEODORO COTERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. A. No. _____ |
| | ) |
| CLEANCO MAINTENANCE CORP., | ) **JURY TRIAL DEMANDED** |
| J.L.D. CLEANING SERVICES, INC. | ) |
| ROBERT LEONE, and DEBORAH J. | ) |
| LEONE, | ) |
| | ) |
| Defendants. | ) |

05 10831 PBS

MAGISTRATE JUDGE _Collings_

## COMPLAINT

1.      Plaintiff Teodoro Cotera ("Plaintiff" or "Cotera") brings this action to recover unpaid wages for work he performed for Defendants, Cleanco Maintenance Corp., J.L.D. Cleaning Services, Inc., Robert Leone, and Deborah Leone (collectively referred to herein as "Defendants"). During the time period discussed herein, Cotera regularly worked over forty hours per week and did not receive overtime compensation. In some cases, Cotera worked as many as 60 hours in a week and did not receive any overtime compensation.

2.      Defendants' failure to pay overtime compensation to Plaintiff was the result of a deliberate scheme to engage in illegal conduct. Defendants operated as a single or joint employer of Cotera under the wage and hour laws of both the Fair Labor Standards Act and Massachusetts, but issued multiple paychecks to Cotera – each check was for 40 work hours per week or less. By refusing to issue a single paycheck for all hours worked in a workweek, Defendants sought to conceal their unlawful conduct of refusing to pay time and one half Cotera's regular rate of pay for

all hours worked over forty in a workweek.

3.      Defendants' scheme not only created a mechanism to avoid compliance with the overtime pay requirements of state and federal law. The scheme also allowed Defendants to conceal a significant portion of their workforce from the union which represents Defendants' employees. This practice, known as "double-breasting," was in direct violation of the collective bargaining agreement reached with the union. The collective bargaining agreement was negotiated and agreed to by a large group of employers (including Defendants), the Maintenance Contractors of New England, acting in concert. Each of those employers provide similar janitorial and maintenance services to businesses operating throughout Massachusetts and Rhode Island.

4.      Defendants' violations of the state and federal wage and hour laws were intentional, and part of a widespread pattern and practice engaged in by Defendants affecting numerous other employees.

5.      Plaintiff seeks damages in an amount to be determined at trial, as well as other relief, for the conduct complained of herein.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§207 and 216(b).

7.      Defendants have their principal place of business in this district, and are therefore subject to personal jurisdiction here.

8.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the Defendants reside in this district and are subject to personal jurisdiction in this district.

9.      This Court has jurisdiction over Counts II and III of this Complaint pursuant to 28

2

U.S.C. §1367(a).

## Parties

10.     Plaintiff Cotera is a resident of Brighton, Massachusetts.  Cotera worked for the Defendants beginning on or about April of 2002 and ending on or about April of 2005 ("Relevant Time Period").

11.     Defendant Cleanco Maintenance Corp. ("Cleanco") is a corporation organized under the laws of Massachusetts with its principal place of business located in Watertown, Massachusetts.

12.     Defendant J.L.D. Cleaning Services, Inc.("JLD") is a corporation organized under the laws of Massachusetts with its principal place of business located in Ashland, Massachusetts.

13.     Defendant Robert Leone is the President, Treasurer, and Secretary of Cleanco Maintenance Corp. and resides in Ashland, Massachusetts.

14.     Defendant Deborah Leone is the President, Treasurer and Secretary of J.L.D. Cleaning Services, Inc. and resides in Ashland, Massachusetts.

15.     Defendants, acting under the name of Defendant Cleanco Maintenance Corp., contracted with numerous business in Massachusetts to provide janitorial and maintenance services for buildings housing numerous types of businesses engaged in interstate commerce.

16.     Defendants regularly transacted business in this district during the Relevant Time Period.

17.     During the Relevant Time Period, Defendants acted as a joint or single employer of Plaintiff and were an enterprise engaged in interstate commerce as defined by the Fair Labor Standards Act ("FLSA") and administrative regulations interpreting the FLSA.  Similarly, Defendants were an employer subject to the Massachusetts wage and hour laws and administrative

3

regulations interpreting those laws, specifically including the laws referenced in Counts II and III of this Complaint.

18.     Accordingly, Defendants were required to compensate Plaintiff in accordance with the requirements imposed on employers by those laws.

### Factual Allegations

19.     Plaintiff Cotera performed janitorial services for the Defendants.

20.     In the fall of 2002, the terms and conditions governing the employment of all Cleanco's employees were covered by an agreement (hereinafter "Agreement") entered into on November 20, 2002 between the Maintenance Contractors of New England and the Service Employees' International Union, Local 254, AFL-CIO ("Union"), so long as those employees: (a) performed custodial, cleaning, or similar services; (b) regularly worked over 15 hours per week; (c) were paid by the hour; and, (d) were not supervisors or a foreman as defined in the Agreement.

21.     The Agreement covered the terms and conditions governing the employment of Plaintiff by Cleanco from its effective date until Plaintiff ceased working for Defendants.

22.     During part of the period the Plaintiff was employed by any of the Defendants, Cleanco was an employer covered by the Agreement and, accordingly, required to comply with the terms of the Agreement during such time.

23.     The Agreement covered the territory of the Commonwealth of Massachusetts and the City of Providence, Rhode Island.

24.     During the period that Plaintiff was covered by the Agreement, the Agreement required that any employee covered by the Agreement was: (a) paid overtime at the rate of time and one-half the employee's regular rate for all hours actually worked in any week in excess of forty

4

hours; (b) entitled to one week's vacation if such employee worked 80% of his regularly scheduled hours for a period of one year; (c) compensated for travel time at his regular rate for travel between the employer's office and point of operation, or between points of operation; (d) paid a regular rate of pay based on a classification system contained in the Agreement and appendix thereto.

25.     During the period that Plaintiff was covered by the Agreement, the Agreement required that any employer covered by the Agreement: (a) cooperate in all ways possible with the Union in an effort to apply the Agreement to all companies in the industry; (b) treat the terms and conditions of the Agreement as applicable to any employees working for the employer when the employer performed any work of the type covered by the Agreement, under its own name or under the name of another, as a corporation, company partnership or any other business entity, including a joint venture, wherein the employer, through its officers, directors, partners, or stockholders, exercises either directly or indirectly management, control or majority ownership; and, (c) pay any employees covered by the Agreement a regular rate of pay based on a classification system contained in the Agreement and appendix thereto.

26.     Plaintiff filled out only one job application in order to perform janitorial services for the Defendants during the Relevant Time Period.

27.     Plaintiff wore a Cleanco uniform when performing those janitorial services during the Relevant Time Period.

28.     At all times during the Relevant Time Period, Cotera reported directly or indirectly to Defendant Robert Leone.

29.     Plaintiff received paychecks issued by JLD at the same time and at the same location as he received paychecks from Cleanco.

5

30.     Plaintiff was not a salaried employee.

31.     Plaintiff regularly did not receive time and one half his regular rate of pay when he worked more than forty hours in a workweek.

32.     Plaintiff was never paid all wages due to him within seven days of the termination of the pay period during which those wages were earned.

33.     To this day, Plaintiff has not been paid all wages he is owed for hours worked during the Relevant Time Period.

34.     For the pay period ending June 6, 2002, Plaintiff received a check in the gross amount of $283.50 issued by JLD, for 31.5 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $175.50 issued by Cleanco, for 18 hours of work performed at an hourly rate of $9.75.

35.     For the pay period ending June 23, 2002, Plaintiff received a check in the gross amount of $351.00 issued by JLD, for 39 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $175.50 issued by Cleanco, for 18 hours of work performed at an hourly rate of $9.75.

36.     For the pay period ending July 21, 2002, Plaintiff received a check in the gross amount of $72.00 issued by JLD, for 8 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.70 issued by Cleanco, for 36 hours of work performed at an hourly rate of $9.95 and 6 hours of work performed at an hourly rate of $9.75.

37.     For the pay period ending July 28, 2002, Plaintiff received a check in the gross amount $416.70 issued by Cleanco, for 36 hours of work performed at an hourly rate of $9.95 and

6

6 hours of work performed at an hourly rate of $9.75.

38.    For the pay period ending August 4, 2002, Plaintiff received a check in the gross amount $416.70 issued by Cleanco, for 36 hours of work performed at an hourly rate of $9.95 and 6 hours of work performed at an hourly rate of $9.75.

39.    For the pay period ending August 11, 2002, Plaintiff received a check in the gross amount of $72.00 issued by JLD, for 8 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.70 issued by Cleanco, for 36 hours of work performed at an hourly rate of $9.95 and 6 hours of work performed at an hourly rate of $9.75.

40.    For the pay period ending August 18, 2002, Plaintiff received a check in the gross amount of $72.00 issued by JLD, for 8 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.70 issued by Cleanco, for 36 hours of work performed at an hourly rate of $9.95 and 6 hours of work performed at an hourly rate of $9.75.

41.    For the pay period ending August 25, 2002, Plaintiff received a check in the gross amount of $72.00 issued by JLD, for 8 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.70 issued by Cleanco, for 36 hours of work performed at an hourly rate of $9.95 and 6 hours of work performed at an hourly rate of $9.75.

42.    For the pay period ending September 1, 2002, Plaintiff received a check in the gross amount of $180.00 issued by JLD, for 20 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $398.00 issued by Cleanco,

7

for 40 hours of work performed at an hourly rate of $9.95.

43.    For the pay period ending September 22, 2002, Plaintiff received a check in the gross amount of $81.00 issued by JLD, for 9 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $398.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $9.95.

44.    For the pay period ending September 29, 2002, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $398.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $9.95.

45.    For the pay period ending October 6, 2002, Plaintiff received a check in the gross amount of $90.00 issued by JLD, for 10 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $398.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $9.95.

46.    For the pay period ending October 13, 2002, Plaintiff received a check in the gross amount of $90.00 issued by JLD, for 10 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $398.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $9.95.

47.    For the pay period ending October 20, 2002, Plaintiff received a check in the gross amount of $90.00 issued by JLD, for 10 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $398.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $9.95.

48.    For the pay period ending October 27, 2002, Plaintiff received a check in the gross

amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $398.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $9.95.

49.    For the pay period ending November 10, 2002, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $398.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $9.95.

50.    For the pay period ending November 24, 2002, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $398.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $9.95.

51.    For the pay period ending December 1, 2002, Plaintiff received a check in the gross amount of $108.00 issued by JLD, for 12 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $398.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $9.95.

52.    For the pay period ending December 15, 2002, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $398.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $9.95.

53.    For the pay period ending December 29, 2002, Plaintiff received a check in the gross amount of $108.00 issued by JLD, for 12 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $398.00 issued by Cleanco,

9

for 40 hours of work performed at an hourly rate of $9.95.

54.    For the pay period ending January 5, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

55.    For the pay period ending January 12, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

56.    For the pay period ending January 19, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

57.    For the pay period ending January 26, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

58.    For the pay period ending February 9, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

59.    For the pay period ending February 16, 2003, Plaintiff received a check in the gross

10

amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

60.     For the pay period ending March 2, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

61.     For the pay period ending March 9, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

62.     For the pay period ending March 16, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

63.     For the pay period ending March 23, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

64.     For the pay period ending March 30, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for

40 hours of work performed at an hourly rate of $10.15.

65.     For the pay period ending April 6, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

66.     For the pay period ending April 13, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

67.     For the pay period ending April 20, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

68.     For the pay period ending April 27, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

69.     For the pay period ending May 4, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

70.     For the pay period ending May 11, 2003, Plaintiff received a check in the gross

amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

71.     For the pay period ending May 18, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

72.     For the pay period ending May 25, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

73.     For the pay period ending June 1, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

74.     For the pay period ending June 8, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

75.     For the pay period ending June 15, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for

13

40 hours of work performed at an hourly rate of $10.15.

76.     For the pay period ending June 22, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

77.     For the pay period ending June 29, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $406.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.15.

78.     For the pay period ending July 13, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

79.     For the pay period ending July 20, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

80.     For the pay period ending July 27, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

81.     For the pay period ending August 3, 2003, Plaintiff received a check in the gross

14

amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

82.     For the pay period ending August 10, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

83.     For the pay period ending August 17, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

84.     For the pay period ending August 24, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

85.     For the pay period ending August 31, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

86.     For the pay period ending September 7, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for

15

40 hours of work performed at an hourly rate of $10.40.

87.    For the pay period ending September 14, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received two checks issued by Cleanco, each in the gross amount of $416.00. One of the Cleanco checks was for 40 hours of work performed at an hourly rate of $10.40. The other Cleanco check was paid for vacation – although Plaintiff worked during that pay period.

88.    For the pay period ending September 21, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

89.    For the pay period ending September 28, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

90.    For the pay period ending October 5, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

91.    For the pay period ending October 12, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

92.     For the pay period ending October 26, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

93.     For the pay period ending November 9, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

94.     For the pay period ending November 16, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

95.     For the pay period ending November 30, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

96.     For the pay period ending December 7, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

97.     For the pay period ending December 21, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the

same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

98.    For the pay period ending December 28, 2003, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $416.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.40.

99.    For the pay period ending January 4, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

100.    For the pay period ending January 11, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

101.    For the pay period ending January 18, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

102.    For the pay period ending January 25, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $516.00 issued by Cleanco, for 48 hours of work performed at an hourly rate of $10.75.

103. For the pay period ending February 1, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

104. For the pay period ending February 8, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

105. For the pay period ending February 15, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

106. For the pay period ending February 22, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

107. For the pay period ending February 29, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

108. For the pay period ending March 7, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the

same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

109.    For the pay period ending March 14, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

110.    For the pay period ending March 21, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

111.    For the pay period ending March 28, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

112.    For the pay period ending April 4, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

113.    For the pay period ending April 11, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

114.    For the pay period ending April 18, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

115.    For the pay period ending April 25, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $516.00 issued by Cleanco, for 48 hours of work performed at an hourly rate of $10.75.

116.    For the pay period ending May 2, 2004, Plaintiff received a check in the gross amount of $54.00 issued by JLD, for 6 hours of work performed at an hourly rate of $9.00. For the same pay period, Plaintiff received a check in the gross amount of $430.00 issued by Cleanco, for 40 hours of work performed at an hourly rate of $10.75.

### Count I – Fair Labor Standards Act Claim

117.    Plaintiff re-alleges and incorporates by reference the above allegations.

118.    Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiff overtime compensation at time and one-half his regularly hourly rate for hours worked in excess of forty hours during a workweek.

119.    The Defendants' violations of 29 U.S.C. §207(a) were repeated, willful, and intentional.

120.    Plaintiff has been damaged by said violations of 29 U.S.C. §207(a).

121.    Pursuant to 29 U.S.C. §207(a) and §216(b) Defendants are liable to Plaintiff for the full amount of his unpaid overtime compensation, plus an additional equal amount as liquidated

damages, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

### Count II – Massachusetts Overtime Law Claim

122.    Plaintiff re-alleges and incorporates by reference the above allegations.

123.    Defendants violated M.G.L. c. 151, §§ 1A and 1B by failing to pay Plaintiff overtime compensation at time and one-half his regular hourly rate, for all hours worked in excess of forty during any workweek.

124.    Plaintiff has been damaged by said violations of M.G.L. c. 151, §§ 1A and 1B.

125.    The Defendants' violations of M.G.L. c. 151, §§151 1A and 1B, were repeated, willful, and intentional.

126.    Pursuant to M.G.L. c. 151, §§151 1A and 1B, Defendants are liable to the Plaintiff for treble damages, plus costs and reasonable attorneys' fees.

### Count III – Massachusetts Non-Payment of Wages Claim

127.    Plaintiff re-alleges and incorporates by reference the above allegations.

128.    Pursuant to M.G.L. c. 149, §150, the Attorney General of Massachusetts has assented in writing to the commencement of this Count by letter dated April 15, 2005.

129.    The Defendants violated M.G.L. c. 149, §148 by failing to pay Plaintiff all wages earned within seven days of the termination of the pay period which those wages were earned.

130.    The Defendants' violations of M.G.L. c. 149, §148, were repeated, willful, and intentional.

131.    Plaintiff has been damaged by said violations of M.G.L. c. 149, §148.

132.    Pursuant to M.G.L. c. 149, §150 and §148, Defendant is liable for treble damages plus costs and reasonable attorneys' fees.

22

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court:

A.    Determine the damages sustained by Plaintiff as a result of Defendants' violations of the FLSA and award those damages against the Defendants in favor of Plaintiff, plus an additional equal amount as liquidated damages;

B.    Determine the damages sustained by Plaintiff as a result of Defendants' violations of M.G.L. c. 151 §§1A and 1B, and award those damages against the Defendants in favor of Plaintiff, including treble damages for uncompensated overtime and prejudgment interest.

C.    Determine the damages sustained by Plaintiff as a result of the Defendants' violations of M.G.L. c. 149, §148, and award those damages against the Defendants in favor of Plaintiff, including treble damages and prejudgment interest.

D.    Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and expenses.

E.    Any other or further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE.

By his Attorneys,

Todd S. Heyman (BBO # 643804)
Lara Sutherlin (BBO # 651267)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
617-439-3939

23

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

Teodoro Cotero

## DEFENDANTS

Cleanco Maintenance Corp.,
J.L.D. Cleaning Services,Inc., Robert Leone
and Deborah J. Leone

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

05 10831 PBS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Todd S. Heyman
Lara A. Sutherlin
SHAPIRO HABER & URMY LLP    617-439-3939
53 State St., Boston, MA 02109

ATTORNEYS (IF KNOWN)
L. Richard LeClair, III
135 Beaver Street, 2nd Floor
Waltham, MA 02452    781-893-5655

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                     AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Failure to pay overtime    29 USC 207, et seq.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE Robert B. Collings    DOCKET NUMBER 04-12685-RBC

DATE
April 25, 2005

SIGNATURE OF ATTORNEY OF RECORD
Todd S. Heyman

FOR OFFICE USE ONLY

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.   Title of case (name of first party on each side only) __Cotera v. Cleanco Maintenance Corp.__

2.   Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
     local rule 40.1(a)(1)).

     [  ]   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

     [X]   II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,          *Also complete AO 120 or AO 121
                  740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

     [  ]   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                  380, 385, 450, 891.

     [  ]   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                  690, 810, 861-865, 870, 871, 875, 900.

     [  ]   V.     150, 152, 153.                    05  10831 PB

3.   Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
     this district please indicate the title and number of the first filed case in this court.

     __Guerra v. Cleanco Maintenance Corp.__

4.   Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                        YES [  ]      NO [X]

5.   Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
     28 USC §2403)
                                                        YES [  ]      NO [X]

     If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                        YES [  ]      NO [  ]

6.   Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                        YES [  ]      NO [X]

7.   Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
     Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? -  (See Local Rule
     40.1(d)).
                                                        YES [X]      NO [  ]

     A.    If yes, in which division do all of the non-governmental parties reside?

           Eastern Division [X]        Central Division [  ]        Western Division [  ]

     B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
           agencies,  residing in Massachusetts reside?

           Eastern Division [  ]        Central Division [  ]        Western Division [  ]

8.   If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
     yes, submit a separate sheet identifying the motions)
                                                        YES [  ]      NO [  ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Todd S. Heyman__
ADDRESS   __SHAPIRO HABER & URMY LLP, 53 State St., Boston, MA 02109__
TELEPHONE NO. __617-439-3939__

(Coversheetlocal.wpd  - 10/17/02)