UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TEODORO COTERA,

                        **Plaintiff,**

          v.                                     C.A. No. 04-10831-PBS

CLEANCO MAINTENANCE CORP.,
J.L.D. CLEANING SERVICES, INC.,
ROBERT LEONE, and DEBORAH
LEONE,

                        **Defendants.**

## PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 16.1

Plaintiff's Counsel has attempted unsuccessfully to contact Defense Counsel both by email and telephone. As a result, Plaintiff submits the following statement to the Court. Attached as an exhibit is Plaintiff's certification pursuant to local rule 16.1(D)(3). Plaintiff's Counsel contacted Defense Counsel regarding this matter by electronic mail on September 8, 2005, October 24, 2005, November 9, 2005, and December 27, 2005. Plaintiff's Counsel has received no response. On December 29, 2005, Plaintiff's Counsel contacted Defense Counsel by telephone and did not receive a response. Plaintiff's counsel specifically mentioned the need to meet and confer regarding a joint statement in his email of December 27, 2005.

**I.**     **Plaintiff's Description of the Case**

Teodoro Cotera is a resident of Everett, Massachusetts who was employed by the Defendants to perform janitorial services. The Defendants are Robert Leone and Deborah Leone, husband and wife, and their corporate personae, Cleanco Maintenace Corp. ("Cleanco") and J.L.D. Cleaning

Services, Inc. ("JLD"). Mr. Leone is the only corporate officer of Cleanco, and Mrs. Leone is the only corporate officer of JLD. Mr. Cotera regularly worked long hours for the Defendants but did not receive appropriate overtime compensation for all hours worked in excess of 40 in a workweek – as required by federal and state law.

Defendants had a practice of issuing multiple pay checks to Mr. Cotera for a single week's work. Typically, each paycheck provided compensation for an amount of hours not exceeding 40. However, the total amount of hours covered by the checks issued in most weeks, taken together, did exceed 40 hours. Nonetheless, Mr. Cotera did not receive overtime compensation. For example, in the week of February 9, 2004, Mr. Cotera received one JLD paycheck for 6 hours and another Cleanco paycheck for 40 hours. Although Mr. Cotera worked 46 hours that workweek, he did not receive overtime compensation (time and one half his hourly rate) for the 6 overtime hours. The Defendants' issuance of multiple pay checks was an ineffective attempt to conceal the unlawful failure to pay overtime rates for overtime hours. Defendants abandoned this practice of splitting the work hours between two nominally separate corporate entities (known as "double breasting") in July of 2004 because it was in direct violation of a collective bargaining agreement entered into by Defendant Cleanco.

## II. Plaintiff's Description of the Disputed Legal and Factual Issues

This is a relatively simple case. There are only two substantive legal questions. First, the parties dispute whether Defendants were acting as a single or joint employer under the wage and hour laws. Plaintiff believes this issue is readily susceptible to summary adjudication, or to judgment as a matter of law at trial. Mr. Cotera always wore a Cleanco uniform, always reported (directly or indirectly) to Defendant Robert Leone, and did not even know Defendant Deborah

Leone. Plaintiff anticipates that further discovery will reveal that JLD and Deborah Leone were simply a sham operation used to conceal employees from the union and evade compliance with the wage and hour laws.[1]

Second, the Defendants dispute Plaintiff's right to recover liquidated or treble damages under the Fair Labor Standards Act and Massachusetts law. Defendants' conduct readily satisfies the standards for the award of these damages. In virtually every week he was employed by Defendants, he did not receive overtime compensation. The fact that Defendants issued multiple paychecks for the same workweek is evidence of improper motive – sufficient to meet the legal standards for the award of liquidated or treble damages. Moreover, in some workweeks, Defendants' own payroll records establish that Plaintiff worked over forty hours per week without receiving overtime compensation – *even when paychecks providing compensation for those hours were issued by a single Defendant corporation*. This practice, standing alone, provides sufficient evidence of willfulness to establish a treble damage award.

### III.   Plaintiff's Proposed Discovery Plan and Proposed Schedule

The parties have conferred and at least tentatively agreed on the following schedule for the Court's consideration.

(1)   Service of Interrogatories and Document Requests by February 28, 2006

(2)   Responses to Interrogatories and Document Requests by March 30, 2006

(3)   Completion of Depositions by April 30, 2006

---

[1] In many workweeks, Defendants' own payroll records establish that Plaintiff worked over forty hours per week without receiving overtime compensation – *even when paychecks providing compensation for those hours were issued by a single Defendant corporation*. This practice is also susceptible to summary adjudication.

 (4) Use of Local Rule 26.1(A) Cooperative Discovery to Stipulate as to Hours Worked, Wage Rates, and Other Undisputed Facts In Advance of Trial

 (5) If Bench Trial, Trial in May of 2006

 (6) If Jury Trial, Local Rule 16.5 Pre-Trial Memorandum Due No Later Than May 31, 2006

 (7) If Jury Trial, Pre-Trial Conference, Local Rule 16.5 Trial Brief, and Trial in June of 2006

**IV. Trial By Magistrate**

Plaintiff consents to trial by Magistrate.

**V. Settlement Proposals**

Plaintiff provided Defendant a written settlement proposal on both September 8, 2005 and November 9, 2005. Defense Counsel has not responded to the settlement proposal.

Respectfully Submitted,

/s/ Todd S. Heyman
Todd S. Heyman (BBO#643804)
Shapiro Haber & Urmy LLP
75 State St.
Boston, MA 02109
617-439-3939

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TEODORO COTERA,<br><br>       Plaintiff,<br><br>v.<br><br>CLEANCO MAINTENANCE CORP.,<br>J.L.D. CLEANING SERVICES, INC.,<br>ROBERT LEONE, and DEBORAH<br>LEONE,<br><br>       Defendants. | C.A. No. 04-10831-PBS |

**CERTIFICATION OF PLAINTIFF PURSUANT TO LOCAL RULE 16.1(D)(3)**

  The undersigned counsel and Plaintiff hereby affirm to the Court that we have conferred in conformity with Local Rule 16.1(D)(3).

  (1) We have conferred with a view to establishing a budget for the costs of conducting the full course–and various alternative courses–of the litigation; and,

  (2) We have conferred to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

  Affirmed by:

/s/ Teodoro Cotera  
Teodoro Cotera

/s/ Todd S. Heyman  
Todd S. Heyman (BBO#643804)  
Shapiro Haber & Urmy LLP  
75 State St.  
Boston, MA 02109  
617-439-3939